UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sammie Goodwin, | ) | Civil Action No.: 3:08-cv-2485-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Elaine Robinson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this habeas corpus action pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's [Docket Entry #15] motion for summary judgment with the Report and Recommendation [Docket Entry #33] of Magistrate Judge Joseph R. McCrorey filed on May 21, 2009.[1] In his Report, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and this matter ended. Petitioner timely filed Objections [Docket Entry #40] to the Magistrate's Report and Recommendation on June 12, 2009.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## **Discussion**

Petitioner raised four grounds in the instant petition. The Magistrate Judge found that grounds two, three, and four were procedurally barred because they were not properly addressed by the state PCR court and counsel did not make a Rule 59(e) motion requesting that the state PCR court address them. Alternatively, the Magistrate Judge found that even if grounds two through four were not procedurally barred, the claims were due to be denied on the merits. As to Petitioner's ineffective assistance of counsel claim raised in ground one, the Magistrate Judge found that the state PCR court's finding that Petitioner's trial counsel was not constitutionally ineffective was not "contrary to" or an "unreasonable application of" clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly, the Magistrate Judge found that ground one of Petitioner's petition was due to be denied on the merits.

Ground One

In ground one, Petitioner asserts an ineffective assistance of counsel claim based on trial counsel's alleged failure to investigate and prepare for trial. Specifically, Petitioner asserts

that counsel was ineffective for: 1) failing to investigate and discover that the victim's gun was secured; 2) failing to discover that a ballistics test was performed; and 3) failing to discover that the victim admitted shooting between six and nine times at the Petitioner. Petitioner contends that his guilty plea was involuntary due to his trial counsel's lack of preparation.

To obtain relief based on ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; (2) the deficient performance prejudiced the defense;[2] and (3) specific acts or omissions of counsel were not the result of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the court must be highly deferential in scrutinizing counsel's performance. *Id*. at 688-89. To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987).

Based on a review of the record, it is clear that Petitioner has failed to come forward with sufficient evidence that his trial counsel's performance was constitutionally deficient. The record indicates that Petitioner's trial counsel had met with Petitioner to review the discovery material and was prepared to go to trial, but at the eleventh hour Petitioner decided to plead

---

[2]     If the ineffective assistance of counsel claim is more easily disposed of under the second prong (prejudice inquiry) of *Strickland*, the first inquiry - whether counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment - may be by-passed. *Strickland*, 466 U.S. at 697.

guilty to obtain favorable treatment for his sons, who were also involved in the incident. The PCR court found that Petitioner's trial counsel was more credible than Petitioner. Further, at the state PCR hearing, Petitioner did not introduce evidence that a specific act or omission of his trial counsel would have produced a different result or not guilty verdict .

In summary, Petitioner's ineffective assistance of counsel claim fails. The state PCR court properly applied *Strickland* and *Hill* to conclude that Petitioner's trial counsel was not ineffective for failing to investigate or prepare for trial. The state PCR court's decision was not "contrary to" or an "unreasonable application" of clearly established Federal law.

As to the voluntariness of Petitioner's guilty plea, the Supreme Court has stated that habeas relief should be especially rare when the petitioner stated, upon entering the guilty plea, that he or she did so knowingly and voluntarily. *Blackledge v. Allison*, 431 U.S. 63, 73, (1977); *see also*, *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991) (statements by petitioners at the time of pleading that they are doing so voluntarily amounts to strong, formidable evidence thereof), *cert. denied*, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992). The Fourth Circuit has further declared that, when a defendant is represented by counsel when making his guilty plea, that plea is strongly presumed to be valid in subsequent habeas proceedings. *Sargent v. Waters*, 71 F.3d 158, 162 (4th Cir. 1995); *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993), *aff'd*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In this case, Petitioner stated on the record that he was pleading guilty freely and voluntarily. Petitioner was represented by counsel and advised of the charges he was facing, the potential sentence, and the constitutional rights he was waiving, including the right to remain silent, right to a jury trial, and right to confront his accuser. As stated, Petitioner has

failed to come forward with credible evidence that his trial counsel was unprepared to go to trial. Likewise, Petitioner has failed to come forward with credible evidence that any alleged lack of preparation by his trial counsel resulted in an involuntary guilty plea. Ground one is therefore due to be dismissed.

Grounds Two through Four

The Magistrate Judge found that grounds two through four were procedurally defaulted because the claims were not properly addressed by the state PCR court and counsel did not make a Rule 59(e) motion requesting that the state PCR court address them. *See Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts and the claim will be considered procedurally defaulted. As a consequence, the petitioner will be barred from raising the issue in his federal habeas petition. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

In this case, the state PCR court's Order of Dismissal noted that the Petitioner raised a general allegation of ineffective assistance of counsel based on trial counsel's failure to be more prepared as well as an involuntary guilty plea in that Petitioner was forced to plead guilty due to trial counsel's alleged lack of preparation. The Order of Dismissal also stated that any grounds not addressed in the Order were waived. With regard to the instant petition before the court, grounds two through four were not addressed in the state PCR court's Order of Dismissal. The state PCR court addressed only ground one - that trial counsel was ineffective for failing to investigate and prepare, which resulted in an involuntary guilty plea.

To preserve the issues raised in grounds two through four for appellate review and, subsequently, Federal habeas corpus review, Petitioner or his PCR counsel was required to file a Rule 59(e) motion requesting the PCR court to address the issues. Because no Rule 59(e) motion was filed requesting that the PCR court address grounds two through four, Petitioner has procedurally defaulted those claims.

In order to have procedurally defaulted claims considered, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[A]bsent cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, a federal habeas court may not review a claim when a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." *Fisher*, 163 F.3d at 844. A rule is adequate if it is regularly or consistently applied by the state court, *see Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and is independent if it does not "depend[ ] on a federal constitutional ruling," *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).

Petitioner appears to assert actual innocence as a basis for this court to excuse his procedural default. Although not an independent constitutional claim, a showing of actual innocence may allow review of procedurally defaulted claims. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996). Thus, in order for Petitioner to have his procedurally defaulted claims reviewed on the basis of actual innocence, he must show that, if new evidence were introduced, it is more likely than not that no jury would convict. *Royal v. Taylor*, 188 F.3d 239, 243-44 (4th Cir. 1999). The petitioner must demonstrate factual innocence, not merely

the legal insufficiency of his conviction or sentence. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Although Petitioner now contends that he is innocent of the charges to which he pled guilty, Petitioner has not met his burden of establishing actual innocence. Additionally, Petitioner has not established cause and prejudice, or a fundamental miscarriage of justice necessary for this court to consider his procedurally defaulted claims.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court further finds that Petitioner's objections lack merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #33] of the Magistrate Judge. Respondent's [Docket Entry #15] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

July 2, 2009                                              s/ R. Bryan Harwell
Florence, South Carolina                                  R. Bryan Harwell
                                                          United States District Judge